IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY LINE,

        Plaintiff,

        vs.                   Case No. 10-2616-JTM

SEARS AND ROEBUCK AND CO.,

        Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion for Summary Judgment (Dkt. No. 35). For the following reasons, the court grants the motion.

**I. Uncontroverted Facts**

Plaintiff, Mary Line, filed the present negligence suit against defendant, Sears, Roebuck, and Co. (Sears), based on a slip and fall incident occurring on the sidewalk of defendant's Overland Park, Kansas retail store. On November 27, 2009, plaintiff was walking on the sidewalk with her daughter, Gayle Zuk, when she tripped and fell injuring her face and left hand. Plaintiff alleges she fell because of a "large" crack in the sidewalk. Plaintiff did not measure the height variation of the concrete but did present testimony from Ms. Zuk that the variation was between 1 1/2 to 2 inches. Plaintiff has also presented 12 photographs of the sidewalk taken by Ms. Zuk 5-7 days after the fall in support of her claim that the height variation was 1 1/2 to 2 inches. Sears's operations manager, Robert Kipper,

testified that he measured the crack in the sidewalk where plaintiff fell and that the height variation of the concrete in that location ranged from 1/16th to 3/4 of an inch. Mr. Kipper also testified that he observed plaintiff's fall and that she had her head turned and was talking to her daughter at the time. He also stated she was shuffling her feet. Plaintiff disputes that she had her head turned or that she shuffled her feet. She further contends that Kipper was not even present at the time of her fall.

Mr. Gagnon, one of defendant's maintenance employees, testified that he had noticed an elevation change in the sidewalk some time in 2005 or 2006, but did not believe it was "worth messing with because it's going to be too thin." Dkt. No. 40, Ex. 1, pg. 17. After the fall, he cleaned out the loose gravel and dirt from the area and filled it with concrete filler.

Plaintiff filed her Complaint on November 12, 2010, alleging defendant was negligent for the following reasons:

a. In creating an unreasonably dangerous condition;
b. In maintaining an unreasonably dangerous condition;
c. In failing to provide adequate protection from dangerous conditions;
d. In failing to provide adequate warning of the dangerous condition;
e. In failing to keep the business place safe;
f. In failing to maintain the business premises;
g. In failing to have and/or follow effective policies concerning customer safety;
h. In failing to take ordinary and reasonable steps to ensure the safety of customers;
i. In failing to take appropriate remedial measures to fix the defects in the sidewalk before Mary Hale fell; and
j. In failing to inspect the business premises.

Dkt. No. 1, pg. 2. Plaintiff also seeks punitive damages alleging "[d]efendant's actions and inactions in allowing the dangerous condition to develop and remain on their property and exposing their customers to risk of injury for a period of years demonstrates a wanton and reckless disregard for the probable consequences of their actions and inactions." *Id.* Defendant filed the present Motion for Summary Judgment on July 27, 2011, arguing plaintiff's negligence action is barred under the "slight

defect rule."

## II. Legal Standard: Summary Judgment

The summary judgment standard under Fed. R. Civ. P. 56 is well established. "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." *Id.* Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove [nonmovant's] claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (alterations added).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Id.* Summary judgment may be granted if the nonmoving party's evidence is merely

3

colorable or is not significantly probative. *Id.* at 250-51. Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in *Matsushita*).

Finally, the court reminds the parties that summary judgment is not a "disfavored procedural shortcut." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It is an important procedural vehicle "designed to secure the just, speedy and inexpensive determination of every action." *Id.* One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Id.*

## III. Conclusions of Law

Negligence is often defined as "'the lack of ordinary care'" or "'the failure of a person to do something that a reasonably careful person would do, or the act of a person in doing something that a reasonably careful person would not do, measured by all the circumstances then existing.'" *Elstun v. Spangles, Inc.*, 289 Kan. 754, 756, 217 P.3d 450, 453 (2009) (quoting *Johnston, Administratrix v. Ecord*, 196 Kan. 521, 528, 412 P.2d 990 (1966)). In a personal injury action based upon negligence, a plaintiff must prove "'(1) the existence of a duty, (2) breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury suffered.'" *Id.* at 757, 217 P.3d at 453 (quoting *Nero v. Kan. State Univ.*, 253 Kan. 567, Syl. ¶ 1, 861 P.2d 768 (1993) (alterations

added)). Cases based on negligence almost always present factual determinations for a jury, not legal questions for the court. *Deal v. Bowman*, 286 Kan. 853, 859, 188 P.3d 941, 946 (2008). However, questions regarding the existence of the duty element are purely legal determinations. *Elstun*, 289 Kan. at 757, 217 P.3d at 453. "If a court concludes that a defendant did not have a duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable to the plaintiff for negligence." *Id.* In such a case, the court may properly grant summary judgment in the defendant's favor. *Id.*

Since 1935, Kansas courts have applied a judicially created "slight defect" rule that negates the existence of a duty that might otherwise exist. *See id.* at 757, 217 P.3d at 453-54 (citing *Ford v. City of Kinsley*, 141 Kan. 877, Syl. ¶ 1, 44 P.2d 225 (1935)). In *Ford*, the Kansas Supreme Court held, "[s]light and inconsiderable defects in the sidewalk of a city street do not furnish a basis for actionable negligence, even though a pedestrian may trip, fall, and injure herself on account of such a trivial defect." 141 Kan. 877, Syl. ¶ 1, 44 P.2d at 255. Since *Ford*, Kansas courts have applied the slight defect rule to public sidewalks on many occasions. *See, e.g.*, *Roach v. Henry C. Beck Co.*, 201 Kan. 558, 562, 442 P.2d 21, 25 (1968); *Pierce v. Jilka*, 163 Kan. 232, 239-40, 181 P.2d 330, 335 (1947); *Blankenship v. Kansas City*, 156 Kan. 607, 612-13, 135 P.2d 538, 541-42 (1943); *Taggart v. Kansas City*, 156 Kan. 478, 483, 134 P.2d 417, 419 (1943); *Biby v. City of Wichita*, 151 Kan. 981, Syl. ¶ 1, 101 P.2d 919, 920 (1940) ("In an action against a city to recover for personal injuries, a slight defect or obstruction, an inconsiderable unevenness or variance in the surface level of a public sidewalk, whether existing in the sidewalk itself or caused by an object lying upon the sidewalk, is not sufficient to establish actionable negligence in the construction or maintenance of a sidewalk.").

More recently, Kansas courts have extended the slight defect rule to private sidewalks. *See*

*Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 708 P.2d 171 (1985). The *Sepulveda* court

stated, "[i]t is important to note the same [slight defect] rule applies in actions against an individual

or private corporation alleged to have created or maintained a defect in the sidewalk." *Id.* at 38, 708

P.2d at 173 (alterations added). The Kansas Court of Appeals reinforced the rule's application to a

private sidewalk in *Barnett-Holdgraf v. Mutual Life Insurance Company of New York*. 27 Kan.

App.2d 267, 270, 3 P.3d 89, 92 (2000) ("The principles of the slight defect rule set forth in *Ford* .

. . apply equally to the case of a private sidewalk."). Like public sidewalks, the policy reasons

support application of the slight defect rule to private sidewalks. As the *Barnett-Holdgraf* court

explained:

> Slight defects are to be expected and, therefore, individuals must protect themselves
> from injury because of them. The risk inherent in a slight defect in a private sidewalk
> is outweighed by the utility of the condition and the burden necessary to eliminate
> or reduce the risk of injury. The difference in the private situation is that the number of
> sidewalks is not the same as for a city that is responsible for miles of sidewalks, but
> the utility of the condition and the burden necessary to eliminate the slight defect are
> still present.

*Id.* at 271, 3 P.3d at 92.

The slight defect rule is, however, limited by the principles announced in *Richardson v.*

*Weckworth*, 212 Kan. 84, 509 P.2d 1113 (1973), and *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan.

43, 824 P.2d 198 (1992). In *Richardson*, the Kansas Supreme Court held that the slight defect rule

should not be applied universally in all land-lord tenant situations. 212 Kan. at 88, 509 P.3d at 1117.

Specifically, *Richardson* involved a private sidewalk extending from a house to a garage. *Id.* at 85,

509 P.2d at 1114. The sidewalk was crumbling and full of holes. *Id.* at 85, 509 P.2d at 1115. The

landlord also knew about the defect and had repeatedly promised to fix it. *Id.* at 86, 509 P.2d at 1115.

The court found the slight defect rule inapplicable to this situation because the covenant to repair

6

leased premises announced in *Williams v. Davis*, 188 Kan. 385, 362 P.2d 641 (1961), trumped the otherwise applicable slight defect rule. *See id.* at 88-89, 509 P.2d at 1117.[1] In *Lyon*, the plaintiff tripped over a tree grate located on a sidewalk that was raised 2 to 3 inches above the sidewalk. 250 Kan. at 44, 824 P.2d at 199. The grate was raised above the sidewalk because of the defendant's negligence in replacing rock beneath the grate. *Id.* at 52, 824 P.2d at 203-04. As *Barnett-Holdgraf* stated, "*Lyon* stands for the following rule: 'The slight defect rule is not applied in cases where the irregularity in the sidewalk is created by the negligent acts of the party against whom recovery is sought. In that case, the negligence is actionable regardless of whether or not the irregularity is a slight defect.'" 27 Kan. App.2d at 270, 3 P.3d at 92 (quoting *Lyon*, 250 Kan. 43, Syl. ¶ 2, 824 P.2d at 198).

"A trial court can certainly decide as a matter of law that a claim based on a slight defect in a sidewalk is nonactionable." *Id.* at 273, 3 P.3d at 93. "Courts generally rely on the well-established rule that a sidewalk defect is actionable, that is, it presents a jury question, only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it." *Id.* "There is no mathematical formula or bright-line test for determining what constitutes a slight defect, and there is some diversity of opinion as to which defects are considered minor; each case must be determined on its own facts." *Id.* Several Kansas cases have applied the slight defect rule to defects similar to the one presented in this case. *See, e.g.*, *Blankenship*, 156 Kan. at 612-13, 135 P.2d at 541-42 (holding defect of missing bricks leaving a depression 2 inches deep was a slight defect); *Taggart*,

---

[1]The court in *Williams v. Davis* held:

> A covenant to repair leased premises imposes on the lessor a liability in tort to the lessee and others rightfully on the premises for an injury naturally and proximately resulting from his failure to perform the covenant to repair, if the disrepair creates an unreasonable risk to persons upon the land which would have been prevented had the agreement been performed.

188 Kan. 385, Syl. ¶ 1, 362 P.2d 641, 642 (1961).

156 Kan. at 482, 134 P.2d at 419 (holding 3 inch "step-down" between sidewalk slabs was a slight

defect); *Ford*, 141 Kan. at 877-81, 44 P.2d at 255-57 (holding block of cement sagging up to 3/4 of

an inch below adjacent concrete was a slight defect); *Barnett-Holdgraf*, 27 Kan. App.2d at 274-75,

3 P.3d at 94 (holding hole in concrete from 1 to 3 inches deep was covered under the slight defect

rule).

Here, defendant seeks summary judgment based on evidence it presented that the elevation

difference in the sidewalk was no more than 3/4 of an inch. Plaintiff's daughter testified that the

height variation was 1 1/2 to 2 inches. Plaintiff also presented several pictures of the sidewalk in

question. The pictures show the defect occurred at the juncture of two large slabs of concrete. It is

impossible to determine from the pictures precisely the height variation between the two slabs of

concrete. Nevertheless, even giving plaintiff the benefit of the doubt that the height variation was

2 inches, this court finds the defect was slight as a matter of law. *See Blankenship*, 156 Kan. at 612-

13, 135 P.2d at 541-42; *Barnett-Holdgraf*, 27 Kan. App.2d at 274-75, 3 P.3d at 94; *see also Denney*

*v. U.S. Postal Serv.*, 916 F. Supp. 1081, 1085 (D. Kan. 1996) (holding height variation of 2 inches

between concrete slabs was a slight defect and could not support plaintiff's negligence suit). Further,

the plaintiff presented no evidence that the defendant created this defect as to invoke the exception

to the slight defect carved out by *Lyon*. Nor is there any evidence that defendant promised plaintiff

or anyone that it would repair the sidewalk. Rather it appears the height variation was created by

natural causes over time.

Applying the slight defect rule, the height variation in the sidewalk was not of such

magnitude that a reasonably prudent person should have anticipated some danger while walking on

it and the defect would not be likely to cause injury to pedestrians proceeding with due care. Thus,

the defect was slight as a matter of law and defendant owed plaintiff no duty to protect her from the

height variation in the sidewalk. The defect is insufficient to support plaintiff's negligence claim and

summary judgment is appropriate.[2]

IT IS ACCORDINGLY ORDERED this 16th  day of September 2011, that defendant's

Motion for Summary Judgment (Dkt. No 35) is granted.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[2]Because the court grants summary judgment on plaintiff's negligence claim it also forecloses plaintiff's claim for punitive damages.